WILLIAM ENNOR, Impleaded with
JOHN W. LUKE *et al.*

*v.*

HENRY WELCH.

CHANCERY—*decree supported by the evidence.*  Where, in a proceeding in chancery, the question was presented, as to whether a certain note was given for usurious interest, and the testimony on this point consisted of that of the complainant on one side, and that of the defendant's wife on the other, the character of the defendant having been impeached, and the court found that it had been so given: *Held*, that such finding would not be disturbed, the record showing circumstances corroborating the testimony of the complainant, and which the court might have taken into consideration in arriving at a conclusion upon the proofs adduced.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a bill in chancery, filed in the court below, by the appellee, Henry Welch, against the appellant, William Ennor, and John W. Luke, Thomas Evans, William Trevarthan and

45—48TH ILL.

354      ENNOR, IMPL'D, ETC., *v.* WELCH.      [Sept. T.,

Opinion of the Court.

Grace Ennor, to compel appellant to cancel and surrender certain securities held by Ennor against him, and also, a deed of trust, to Trevarthan as trustee for appellant, to secure a note for $400.00. At a subsequent term of the court, the bill was dismissed as to the defendants Evans and Luke. The defendants Ennors and Trevarthan, demurred to the bill generally and specially, for misjoinder of parties and want of equity. The demurrer was overruled, and the defendants then answered, when the case was heard and a decree rendered against them, from which William Ennor has appealed to this court. The only question determined here is, whether there was sufficient evidence to sustain the finding of the court, impeaching the validity of one of the notes, for usury.

Mr. A. L. CUMMINGS, for the appellant.

Messrs. SMALL & MILLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The question in this case is, whether the note for $150 was given merely for the usurious interest upon the other two notes. If it was, there is no error in the decree, as it was for a sum sufficiently large to cover the amount due. Upon this question the complainant testified the note was given only for the usury, while the defendant, Ennor, and his wife, testified it was given for an additional loan. But the character of Ennor was successfully impeached, so that his testimony can be regarded as of but little value. Laying his evidence out of view, the case stands on the testimony of the complainant on the one side, and that of Ennor's wife on the other. They both appeared and testified in open court, and the circuit judge, with the witnesses before him, was better able to determine their comparative credibility than we can be by merely reading the statement of their testimony on paper. Undoubtedly

the burden of proof was on the complainant, as urged by appellant, and if the record merely presented the oath of one party against the oath of another, without corroborating circumstances on either side, the note, being good on its face, could not be said to have been successfully impeached. But there are some other matters connected with this transaction which the circuit court probably took into consideration in arriving at a conclusion upon this evidence. One was, the improbability that Mrs. Ennor, at the same interview in which her husband, as she herself states, was refusing to make the appellee a further loan, should have consented to make the loan from her money without security, and as he was on the point of leaving the State for Idaho. Another fact that may have weighed with the circuit court was, that, as soon as there was any reason to anticipate difficulty about this note, Ennor sold it to Evans at a large discount—an unlikely thing to be done if the maker was solvent, and the note liable to no defense. Moreover, when the appellee went to Ennor's house to settle, why the anxiety to have him first pay the $150 note? And how shall we explain the discrepancy between the testimony of Mrs. Ennor, that she loaned the money in greenbacks, and her statement in the presence of Alderson, that she loaned it in gold? In view of these circumstances, we are not able to say the circuit court erred in holding the testimony of the complainant corroborated, and that there was sufficient evidence to overcome the presumption in favor of the validity of the note.

We must affirm the decree.

*Decree affirmed.*